IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                       Case Nos.: 5:14cr34/RH/EMT
                                    5:17cv238/RH/EMT

KENNETH HOBSON

## **REPORT AND RECOMMENDATION**

This case is before the court on Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the motion and the record, the court concludes that Defendant's motion should be summarily dismissed because Defendant is attempting to relitigate the same issues that were decided adversely to him on appeal.

Defendant was convicted after a jury trial of a single charge of assault on a correctional officer in violation of 18 U.S.C. § 111(a)(1) and 111(b). The court sentenced him to a term of 92-months imprisonment (ECF No. 72).

On appeal, Defendant argued that the court erred in instructing the jury on self-defense (*see* ECF No. 97 at 2). He also claimed that the court's numerous errors in instructing the jury on the elements of the charged offense, and his defense thereto, had the cumulative effect of denying him a fair trial (*id*). The Eleventh Circuit rejected both arguments and affirmed.

Defendant now raises the same issues he raised on appeal in his § 2255 motion. He has also submitted what appears to be the same memorandum that his counsel submitted to the Eleventh Circuit on appeal (*see* ECF No. 100 at 9, describing the case as "the direct appeal of a felony judgment and sentence of imprisonment").

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted).

Furthermore, allegations of trial court error, such as those raised in the instant motion, are not actionable in a § 2255 proceeding. The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Defendant has not expanded his allegations beyond the scope of his direct appeal. Therefore, Defendant's § 2255 motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100) be summarily **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of September 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.